UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE BRIGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV02037 RWS |
| ) | |
| WAL-MART STORES EAST, LP and ) | |
| WAL-MART ASSOCIATES, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendants' Joint Verified Rule 41(D) Motion for Payment of Costs and Motion to Stay Proceedings Pending Plaintiff's Compliance [#8].

Defendants removed the present action to this Court from the Circuit Court for Jefferson County, State of Missouri, pursuant to 28 U.S.C. §§ 1332 and 1441(a). The present action concerns an alleged slip and fall that Plaintiff Denise Briggs alleges occurred on October 25, 2004 at the Defendant Wal-Mart Stores East, LP's store located in Desoto, Missouri. Briggs re-filed this action in State court on September 13, 2007 after she voluntarily dismissed the previous action from the State court on August 29, 2007.

Defendants seek their costs incurred in seeking discovery in the previous action, as well as reasonable attorney's fees. Plaintiff Briggs does not dispute Defendants' request for the $400 incurred as a cancellation fee when Briggs cancelled her IME appointment. I will deny the remaining costs requested by Defendants because I find that any delays were with the consent of the Defendants and the discovery obtained can be used in the present action.

**Background**

Plaintiff Briggs originally filed her cause of action in the Circuit Court for the City of St. Louis, State of Missouri, on September 29, 2005. The Circuit Court granted Defendants' Motion to Transfer for Improper Venue and the action was ordered transferred to its proper state court venue, the Circuit Court for Jefferson County, State of Missouri.

The Defendants propounded discovery to Briggs in the form of Interrogatories and Requests for Production of Documents, as well as Supplements thereto, beginning May 1, 2006. Briggs failed to timely provide Answers and Responses to Defendants' Discovery requests. Defendants therefore filed a Motion to Compel Briggs' Answers and Responses to Defendants' Discovery requests.

Subsequently, Briggs failed on numerous occasions to provide full and complete answers or responses. Defendants prepared and filed Motions to Compel with respect to those issues. Jefferson County's Local Rules dictate that a Motion to Compel is automatically granted upon filing if the party against whom the Motion is filed takes no action. See Jefferson County, Missouri Judicial Circuit 23, Local Rule 33.5.1. At all relevant times with respect to issues concerning discovery, Defendants' counsel of record, James E. Whaley, certifies that he attempted to facilitate resolution with counsel for Briggs in lieu of appearing on any of its Motions in order to seek enforcement and/or sanctions.

Mr. Whaley certifies that he wrote Briggs' attorney of record on January 29, 2007 requesting dates and times in which Briggs would be available for an Independent Physical Examination. Mr. Whaley certifies that neither Briggs, nor her counsel, advised Defendants as to their availability. Thereafter, Defendants filed their Joint Motion for Order Requiring Medical Examination on April 2, 2007, which was received and entered by the court in Jefferson County

on April 4, 2007. Briggs, by way of her counsel, agreed to appear voluntarily for a Physical Examination, to be conducted by Dr. Walter Lemann on June 19, 2007, in lieu of having to appear for the hearing on Defendants' Motion for Order Requiring Medical Examination. However, Briggs failed to appear and Defendants incurred a cancellation fee of $400.

On June 23, 2006, Defendants filed their Joint Motion to Dismiss and/or for Sanctions in response to Briggs' failure to appear for her IME and her prior failures to comply with discovery requests. Briggs' failure to appear at the IME and her failures to comply with discovery requests were all absent any objection or explanation as to those failures. The hearing on Defendants' Motion for Sanctions was scheduled for August 30, 2007. Defendants sought recovery of the $400 cancellation fee as well as $1,500 in reasonable attorney's fees for having to prepare, file, and then have to appear on their Motion. The day before that hearing, on August 29, 2007, Briggs voluntarily dismissed her cause of action.

**Legal Standard**

The purpose of Federal Rule of Civil Procedure 41(d) is to deter forum shopping and vexatious litigation. See e.g. Simeone v. First Bank Nat. Ass'n, 971 F.2d 103, 108 (8th Cir. 1992). Rule 41(d) authorizes a court to order a plaintiff to pay the defendant's cost and reasonable attorney's fees from a previously dismissed action that is re-filed. Specifically, Rule 41(d) provides:

> (d) **Costs of a Previously Dismissed Action**. If a plaintiff who *previously dismissed an action in any court* files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

(emphasis added).

**Discussion**

District courts have diversity jurisdiction in civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). It is uncontested that both of these bases exist in this matter.

Missouri law applies to substantive issues in this case because this Court sits in diversity jurisdiction and therefore applies the law that the forum state would apply. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002). For a tort claim, Missouri courts apply the "most significant relationship" test which is "found in the Restatement (Second) of Conflict of Law § 145 (1971)." Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996)(citations omitted). "This formulation essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred." Dorman v. Emerson Electric Co., 23 F.3d 1354, 1358 (8th Cir. 1994), cert. denied, 513 U.S. 964 (1994). In this case, the conduct of the parties, the alleged incident, and the alleged injury all occurred in Missouri. Further, Briggs resides in Missouri. Therefore, I find that Missouri has the most significant relationship to the occurrence and the parties, and therefore, that Missouri law applies to substantive issues.

Missouri law provides for many options to its courts for imposing sanctions to parties for violations of its orders and for a party's failure to comply with its State's laws governing discovery. Defendants urge this Court to be guided by Missouri Rule of Civil Procedure 61.01, which would have governed Defendants' Motion for Sanctions that was pending at the time Briggs voluntarily dismissed her action. Under Rule 61.01, the Defendants, in the previous action, were entitled to receive their reasonable expenses, including attorney's fees, and the cancellation fee from the IME physician, including those fees incurred in enforcing Missouri's and the Local Rules governing discovery.

I am not persuaded by Defendants' argument that I should be guided by Rule 61.01 because Briggs voluntarily dismissed her action prior to Defendants' Motion for Sanction being ruled upon. I find that any possible recovery Defendants might have had under pending Motions for Sanctions became moot upon Briggs' voluntary dismissal.

Defendants next argue that "due to the piece meal disclosure by the plaintiff, the passage of time, as well as plaintiff's actions biasing Defendants' retained medical expert against her, Defendants' efforts in the prior action were substantially wasted." Therefore, Defendants argue that Briggs was engaged in the vexatious litigation that Rule 41(d) was designed to deter.

Defendants seek reimbursement of its attorney's fees associated with their "wasted" efforts in the previous action and for their efforts that will require full duplication at additional expense in the pending action. Specifically, Defendants seek $1,195.19 as the reasonable costs incurred for requesting, and subsequently securing, Briggs' records from various entities in possession or control of those records. Defendants seek $568.96 in costs incurred for depositions, other than Briggs' deposition, and for the issue of subpoenas.

In considering Defendants' request, I note that Defendants admit in their Motion for Costs that Defendants themselves agreed to postpone and reschedule hearings related to their discovery motion in the previously filed case. Therefore, while Jefferson County's Local Rules dictate that a Motion to Compel is automatically granted upon filing if the party against whom the Motion is filed takes no action, see Jefferson County, Missouri Judicial Circuit 23, Local Rule 33.5.1, it appears that many, if not all, of the delays were at the consent of Defendants.

Further, Briggs argues that Defendants eventually received their requested discovery responses and that Briggs has agreed that all such discovery can be used in this pending action. Defendants argue that this discovery is not sufficient for their needs in the present case.

However, I find that the lack of completeness does not make the prior discovery "wasted." Rather, I find that Defendants' efforts in obtaining discovery responses was not a "wasted" effort because the discovery can be used in this pending action. Accordingly, I find that Defendants are not entitled to the $1,195.19 incurred for requesting, and subsequently securing, Briggs' records or to the $568.96 incurred for depositions and the issue of subpoenas.

Defendants also seek reimbursement for the $400 cancellation fee incurred due to Briggs failure to appear at her IME. Briggs admits that her counsel of record during the previous action agreed to pay the costs associated with the missed IME and Briggs consents to paying the $400 cancellation fee in her response to the present motion.

In addition to the $400 cancellation fee, Defendants seek $2,340.00 for costs incurred for Defendants' medical expert because Defendants presume their medical expert will now be biased against Briggs and Defendants will therefore be required to retain another expert. Briggs specifically states that she does not, and will not, raise the issue of Defendants' medical expert being biased against Briggs in this case. Therefore, I find that Defendants are not entitled to the $2,340.00 requested.

Defendants also seek $8,750.00 in attorney's fees associated with their prior "wasted" efforts, for fifty (50) hours at $175 per hour. As discussed above, it appears that any delay associated with discovery was consented to by Defendants' counsel and that the requested discovery was eventually obtained. Briggs has also consented to the discovery being used in the present action, removing any concern that prior efforts were "wasted." Further, Defendants have provided absolutely no billing information to substantiate such a request. Therefore, I find that Defendants are not entitled to $8,750.00 in attorney's fees.

Defendants seek to have the present action stayed pending Briggs' compliance with this order and to have Briggs comply with this order within 120 days. I will deny Defendants' request to stay proceedings; however, I will grant Defendants' request that Briggs' comply with this order and pay Defendants' the $400 cancellation fee within 120 days of this order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Verified Rule 41(D) Motion for Payment of Costs and Motion to Stay Proceedings Pending Plaintiff's Compliance [#8] is **GRANTED in part and DENIED in part.** Defendants' motion is granted as to the $400 cancellation fee and denied as to all other costs requested.

**IT IS FURTHER ORDERED** that Plaintiff Denise Briggs shall pay Defendants the $400 cancellation fee within 120 days of this order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2008.